1

2

3

4                                                              **\*E-FILED ON 9/6/05\***

5

6

7                                          NOT FOR CITATION

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                       SAN JOSE DIVISION

11   CITIGROUP GLOBAL MARKETS, INC.,              No. C05-00650 JF (HRL)

12          Plaintiff,                            **ORDER GRANTING DEFENDANT'S
                                                  MOTION TO COMPEL DEPOSITIONS**
13     v.                                         **AND PRODUCTION OF DOCUMENTS**

14   CARTER D. CRUM,                              **[Re: Docket No. 22]**

15          Defendant.

16   _____/

17          On August 30, 2005, this court heard the "Motion to Compel Depositions and Production of

18   Documents" filed by defendant Carter D. Crum.  Plaintiff Citigroup Global Markets, Inc. opposed the

19   motion.  Upon consideration of the moving and responding papers, as well as the arguments of

20   counsel, the court GRANTS the motion.

21          This is an action for alleged trade secrets misappropriation based on the court's diversity

22   jurisdiction.  Plaintiff alleges that defendant, a former employee, stole its proprietary customer

23   information and used that information to solicit its customers to move their business to defendant's new

24   employer.

25          On February 28, 2005, the District Court granted in part and denied in part plaintiff's motion

26   for a preliminary injunction and also granted plaintiff's motion for expedited discovery.  Pursuant to

27   that order, both parties conducted some discovery, including depositions.  In April 2005, the parties

28   executed a Uniform Submission Agreement for binding arbitration of this matter before the National

**United States District Court**
For the Northern District of California

**United States District Court**

For the Northern District of California

1   Association of Securities Dealers (NASD).  On July 18, 2005, defendant filed the instant motion to

2   compel.  On that same day, plaintiff requested that NASD set an arbitration hearing.  On July 29,

3   2005, pursuant to the parties' stipulation, the District Court referred the matter for a NASD

4   arbitration.

5          Defendant moves for an order of this court compelling plaintiff to produce five of its employees

6   for deposition (i.e., David McGrouther, Holly Stowell, Bob Manning, Jennifer Michaelson and John

7   Longley), as well as for an order compelling each of these individuals to produce requested

8   documents.  Defendant argues that these employees have information that is relevant to its "unclean

9   hands" defense – i.e., that Smith Barney itself engages in the same conduct of which it complains in the

10  instant action.  He states that each deposition will take no more than a couple of hours to complete.

11         Plaintiff broadly asserts that the individuals defendant seeks to depose have no information

12  pertinent to this matter.  However, the crux of its opposition is that (1) the District Court granted only

13  plaintiff the right to conduct expedited discovery; (2) the parties have agreed to binding arbitration

14  before NASD, which has its own discovery rules; and (3) permitting defendant to obtain parallel

15  discovery in this court would potentially lead to inconsistent discovery rulings in the NASD

16  proceeding.

17         This court concludes that fairness dictates that defendant's motion should be granted.  He has

18  made a sufficient showing that the five individuals he seeks to depose have information that is relevant

19  or reasonably calculated to lead to the discovery of admissible evidence.  *See* FED.R.CIV.P. 26(b);

20  *see also, e.g., Salomon Smith Barney, Inc. v. Vockel*, 137 F. Supp.2d 599 (E.D. Pa. 2000)

21  (concluding that injunctive relief was precluded by the "unclean hands" doctrine).  As noted above,

22  both parties have conducted some discovery pursuant to the District Court's February 28, 2005

23  order.[1]  Plaintiff apparently has conducted the federal discovery it wanted, and this court concludes

24  that defendant should also have an opportunity to complete the depositions it says that it needs.  In any

25  event, the record indicates that the NASD arbitration panel (1) is aware of defendant's desire to

26  obtain the discovery at issue, as well as of this instant motion to compel, and (2) has continued the

27

28         [1]    At the hearing, plaintiff's counsel said that all of plaintiff's expedited discovery was
    completed in March 2005.  However, the record indicates that plaintiff continued to pursue such
    discovery in late May 2005.  (*See* Louderback Decl., Ex. E).

2

**United States District Court**

For the Northern District of California

1   arbitration hearing to December 5, 2005 to allow time for defendant to complete the discovery that

2   this court may order on the instant motion.  (*See* Louderback Reply Decl., ¶ 10).

3           Based on the foregoing, IT IS ORDERED THAT:

4           1.      Defendant's motion to compel is GRANTED.  **No later than September 20, 2005**,

5   plaintiff shall produce all responsive, non-privileged documents in response to defendant's requests.

6   Any claimed confidential information shall not be used or disseminated for any purpose not directly

7   related to the prosecution or defense of this matter.[2]

8           2.      Plaintiff shall promptly produce the requested individuals for deposition at a mutually

9   agreeable time and place, such that the depositions may be completed well in advance of the

10  December 5, 2005 arbitration hearing, and so as not to derail the parties' preparation for that hearing.

11  Dated: September 6, 2005

12                                          /s/ Howard R. Lloyd
                                            HOWARD R. LLOYD
13                                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28          [2]      To the extent the parties decide that other or further protection of the information is
    appropriate, they should meet-and-confer to attempt to agree upon additional terms.

                                                    3

**United States District Court**

For the Northern District of California

1  5:05-cv-650 Notice will be electronically mailed to:

2  Howard O. Boltz , Jr     hoboltz@bryancave.com,

3  Charles M. Louderback     akay@louderback.org,
   jschreibstein@louderback.org;ehoffman@louderback.org;jhudson@louderback.org;mlopez@louderb
4  ack.org;malarcon@louderback.org;bfrankson@louderback.org

5  Counsel are responsible for distributing copies of this document to co-counsel who have not registered
   for e-filing under the court's CM/ECF program.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4